IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CANDACE E. ALSTON           *
                            *
                            *
v.                          *      Civil No. – JFM-15-3394
                            *
EQUIFAX INFORMATION SERVICES, *
LLC, ET AL.                 *
                         ******



## MEMORANDUM

Candace Alston has brought this action against Monarch Bank, Dovenmuehle Mortgage, Inc., Equifax Information Services, LLC, and Trans Union, LLC. Monarch, DMI, and Trans Union have filed motions to dismiss. Equifax has filed a partial motion to dismiss. The motions will be granted.

Plaintiff alleges that she avoided the loan she made from Monarch through the doctrine of accord and satisfaction.[1]

The allegation is without merit. The loan that plaintiff made from Monarch was liquidated, and plaintiff therefore cannot establish accord and satisfaction unless she can prove that the Monarch mortgage balance is subject to a *bona fide* dispute. It was not subject to a *bona fide* dispute. Plaintiff attempted to pay $5,000 in settlement on a $94,000 loan, and her claim

---

[1] Plaintiff has litigated, either separately with other members of her family, more than ten law suits in this District since January 2009, all related to credit reporting or debt collection. Judge Chasanow has noted that plaintiff's family ("is engaged in an enterprise of [FCRA] litigation." *Alston v. Creditors Interchange Mgmt., LLC.*, No. Civ. AW-12-1708, 2012 WL 4370124, at *1 (D. Md. Sept. 21, 2012). Judge Chuang has noted that "the evidence conclusively establishes that while engaged in her dispute with Wells Fargo over a fight to enforce the Note, Alston was engaging in a parallel scheme against Monarch to undo her mortgage loan entirely." *Alston v. Wells Fargo Home Mortgage*, No. Civ. TDC-13-3147, 2016 WL 816733 at *9 (D. Md. Feb. 26, 2016).

that she was resolving a claim that she had against Monarch for inaccurately reporting that she did not make her February 2012 mortgage payment in a timely fashion was made in bad faith. The "settlement agreement" upon which plaintiff relies does not provide that there is an agreement not to report the account as late. Instead, the agreement specifically provides for Monarch to "resume providing accurate information concerning the Loan . . ."

Plaintiff's claims under the Fair Credit Reporting act fail because neither Monarch nor DMI furnished inaccurate factual information to credit reporting agencies. At the most she has raised the question of a purely legal dispute that is not actionable under the FCRA. *See DeAndrade v. Trans Union, LLC*, 523 F.3d 51, 67 (4th Cir. 2008).

Finally, plaintiff's claims under the Maryland Consumer Debt Collection Act, the Maryland Consumer Protection Act, and the Real Estate Settlement Procedures Act fail because plaintiff never lived in the property that was the subject of the loan made by Monarch.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: 1/10/17

J. Frederick Motz
United States District Judge